[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 14, 1997
The Defendant's Motion for Stay of Execution, dated February 28, 1997, having been heard, it is ORDERED that the same be, and hereby is, denied as to the alimony provisions contained in the Court's decree of dissolution of marriage dated June 1, 1995.[1] It is unclear whether the Defendant is proceeding under Section 4049 or Section 4047 of the Rules of Appellate Procedure. At argument, counsel for the Defendant focused upon the provisions of Section 4049, however the motion purports to be based upon Section 4047. Consequently, the Court will address both bases. CT Page 3739
Section 4049 generally provides for the continuation of a stay of execution during the pendency of a timely motion for appellate review of a trial court's order terminating a stay of execution. Although this Court, on February 18, 1997, granted Plaintiff's Request for Relief from Stay of Execution (#156), the Court expressed the opinion that such relief was unnecessary because there was no automatic stay in effect in any event. This is so for two reasons. First, the order which Defendant seeks to stay is an order of periodic alimony. Section 4046, which is the basis for the automatic stay, expressly provides that it shall not apply to periodic alimony orders. Hence, the automatic stay was never in effect in the first instance and Plaintiff's request for relief from stay was essentially superfluous. Second, the alimony provision at issue is part of a decree entered (by agreement) on June 1, 1995 from which no appeal was taken. The proceedings which are the subject of the Defendant's appeal relate to the Defendant's Motion for Modification, filed on July 8, 1996 wherein the Defendant sought to terminate his alimony obligation. In seeking a stay of the alimony obligation (or a portion thereof) pending appeal, the Defendant is not seeking a stay of the order entered by the Court in the proceeding which is the subject of his appeal, to wit: the denial of his Motion for Modification; rather, the Defendant is seeking to stay the already existing alimony order from which no appeal was taken. Hence apart from the inapplicability of Section 4046 to periodic alimony orders, that Section does not operate to stay pre-existing orders from which no appeal was taken. For that reason as well, therefore, Plaintiff's request for relief from stay is unnecessary.
To the extent that the Defendant is seeking relief under Section 4047 (permitting the Court to impose a stay where the automatic stay provisions of Section 4046 do not apply), the Court believes that, for the reasons set forth above and in view of the restraining order entered on February 18, 1997 to secure Defendant's recovery of alimony previously paid in the event he prevails on appeal, a stay of the alimony provisions contained in the decree of dissolution of marriage is neither warranted nor appropriate.
SOLOMON, J.